IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DAVID BRYANT WICKS                    *

Plaintiff                             *

v                                     *          Civil Action No.RDB-14-2293

WALMART DEPT. STORES,                 *
JUSTIN SHERMAN,
MIKE WHITE,                           *
CAMBRIDGE POLICE DEPT.,
JOHN F. JONES,                        *
SALISBURY POLICE DEPT.,
OFFICER BARKELY,                      *
CHRISTOPHER LANE,
GEORGE KALOROUMAKIS, and              *
WARDEN
                                      *
Defendants
                                    ***

## MEMORANDUM

The above-captioned Complaint was filed on July 17, 2014, seeking monetary damages from Defendants' for the roles Plaintiff asserts they played in his current illegal incarceration at the Wicomico County Detention Center. ECF 1.  Specifically, the allegations raised in the Complaint concern pending criminal charges against Plaintiff for which he is now confined, presumably awaiting trial.[1]

The *Younger*[2] abstention doctrine "requires a federal court to abstain from interfering in state proceedings, even if jurisdiction exists," if there is: "(1) an ongoing state judicial proceeding, instituted prior to any substantial progress in the federal proceeding, that (2) implicates important, substantial, or vital state interests; and (3) provides an adequate

---

[1] *See* ECF 1 at Ex. 1, *see also* http://casesearch.courts.state.md.us/inquiry/inquirySearch.jis (showing three active criminal proceedings against Plaintiff).

[2] *See Younger v. Harris*, 401 U.S. 37 (1971).

opportunity for the plaintiff to raise the federal constitutional claim advanced in the federal lawsuit." *Laurel Sand & Gravel, Inc. v. Wilson*, 519 F. 3d 156, 165 (4th Cir. 2008). "*Younger* is not merely a principle of abstention; rather, the case sets forth a mandatory rule of equitable restraint, requiring the dismissal of a federal action." *Williams v. Lubin*, 516 F. Supp. 2d 535, 539 (D. Md. 2007) (internal quotation omitted).

All of the claims raised in the instant Complaint concerning the legality of Plaintiff's arrest and subsequent detention may be raised in the context of his criminal case. To the extent Plaintiff has suffered a cognizable injury resulting from his arrest, he may not file a claim for those damages unless and until he has been exonerated of the criminal charges related to the arrest. *See Heck v. Humphrey*, 512 U. S. 477, 487 (1994) (42 U.S.C. §1983 claims impugning the legality of criminal conviction not cognizable unless conviction is reversed).

Plaintiff's claim that he has lost property due to his incarceration fails to state a federal claim and must be dismissed without prejudice. The confiscation of property from a prisoner or its loss through negligence or theft does not state a constitutional claim where sufficient due process is afforded through access to an adequate post-deprivation remedy. *See Parratt v. Taylor*, 451 U. S. 527, 542-44 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986). The right to seek damages and injunctive relief in Maryland courts constitutes an adequate post deprivation remedy.[3] *See Juncker v. Tinney*, 549 F. Supp. 574, 579 (D. Md. 1982).

A separate Order follows.

July 28, 2014
Date

*pll D. Bnt*

RICHARD D. BENNETT
UNITED STATES DISTRICT JUDGE

---

[3] Plaintiff may avail himself of remedies under the Maryland's Tort Claims Act, following exhaustion of any applicable administrative remedies.